IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ASSOCIATED BANK, N.A., )
)
                 Plaintiff, )
)
vs. ) Case No. 08-cv-0296-MJR-DGW
)
DENNIS TECHNOLOGY, LLC., )
MICHAEL DENNIS, and )
MELINDA K. DENNIS, )
)
                 Defendants. )

## MEMORANDUM and ORDER

REAGAN, District Judge:

On April 9, 2008, Associated Bank filed suit in the Circuit Court of St. Clair County, Illinois against Michael Dennis, Melinda Dennis, and Dennis Technology, LLC (collectively, "Defendants"). Associated Bank alleged that Defendants had defaulted and owed roughly $130,000 on a promissory note which they jointly and severally executed. Eight days later, Defendants removed the action to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332.

Section 1332 requires complete diversity among the parties and an amount in controversy which exceeds $75,000, exclusive of interest and costs. On threshold review of the case, the undersigned Judge found the amount in controversy easily satisfied and the parties diverse but raised a question regarding a potential statutory bar to removal. The pleadings established that Plaintiff Associated Bank is a Wisconsin citizen. *See Firstar Bank, N.A. v.*

*Faul*, 253 F.3d 982 (7th Cir. 2001). Michael and Melinda Dennis are Illinois citizens. They are the sole members of Dennis Technology, rendering Dennis Technology an Illinois citizen as well. *See Belleville Catering Co. v. Champaign Market Place L.L.C.*, 350 F. 3d 691 (7th Cir. 2003).

A statutory provision known as the forum defendant rule bars removal of actions in which any defendant is a citizen of the state in which the action is brought. **28 U.S.C. § 1441(b).** In the case at bar, the action was filed in Illinois state court and removed to Illinois federal court, despite the fact all three named Defendants are Illinois citizens.

Anticipating this obstacle to removal, Defendants' removal notice asserted that the forum defendant rule does not apply here, because none of these Defendants was *served* as of the moment of removal, and thus Section 1441(b) – which applies to parties "properly joined and served as Defendants" – is irrelevant.

The facts regarding service of these Defendants are troubling at best. They include communications between opposing counsel, including an email which understandably lulled Plaintiff's counsel into believing defense counsel had accepted service on behalf of all three Defendants, thereby obviating the need to formally serve them. At 2:34 pm on April 17, 2008, defense counsel (attorney Thomas Maag) unequivocally represented to Plaintiff's counsel (attorney Steven Wallace) that he (Maag) had the authority to and would accept service of process on behalf of all three named Defendants

(*see* email at Exhibit 1 to Doc. 7). Instead of fulfilling this commitment and honoring his word by giving Plaintiff's attorney a reasonable amount of time to complete the waiver of service process contemplated by Federal Rule of Civil Procedure 4(d), defense counsel *immediately* removed the case to this court.

Indeed, **within two hours** of sending the friendly I'll-accept-service-and-I-look-forward-to-working-with-you email (which actually asked Plaintiff's counsel for the *state court case number*), Mr. Maag commenced removing the case to federal Court. At 4:32 pm on April 17th, the Clerk's Office opened the case. By 4:49 pm, the Clerk's Office had processed the $350 filing fee from defense counsel and assigned a case number. By 5:38 pm, the removal notice and state court complaint had been electronically filed, and removal was complete.

Maag's removal relied on the fact that Defendants had not yet been served. This was the purported bypass for the forum defendant rule, which would bar removal in a case with three Illinois defendants. Defense counsel's dissembling about accepting service of process transcends zealous advocacy and borders on sharp practice.[1] But that is neither here nor there for the purposes of the issue now before this Court.

The salient point is that Defendants technically were not served as

---

[1] The undersigned Judge recognizes that this statement may trigger obligations under ***In re Himmel*, 533 N.E.2d 790 (Ill. 1988).** The undersigned Judge **DIRECTS** the Clerk of this Court to supply a copy of this Memorandum and Order to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois.

of the date of removal. So, read literally, the forum defendant rule would not preclude removal of the instant suit, because none of the three Illinois Defendants was served at that point. In briefs submitted at the request of the undersigned Judge, counsel debate the merits of "strictly interpreting" § 1441(b) versus applying the "judicial gloss" contained within some cases construing § 1441(b). They also proffer arguments regarding whether the purposes underlying § 1441(b) will be advanced or thwarted by remanding this case to state court.

Further enlivening the debate, counsel point to decisions by two other Judges of this District, one declining to remand a case with Illinois defendants who had not been served as of removal (i.e., strictly interpreting § 1441(b)) and the other granting a remand motion based on the presence of unserved Illinois defendants (thereby furthering the central purpose underlying the forum defendant rule). ***See, e.g.*, Judge Herndon's 9/13/07 Order in *Massey v. Cassens & Sons*, Case No. 05-0598, and Judge Murphy's 2/17/06 Order in *Yount v. Shasek*, Case No. 06-0106.**

It may well be possible to square the seemingly inapposite results reached by the other District Judges of this Court; their cases involved factually distinct situations. But even if the issue is framed as "splitting" the Southern District of Illinois into two opposite positions, the undersigned Judge need not pick proverbial sides in the case sub judice.

Here, Associated Bank waived any objection to removal by failing

to move for remand within 30 days of April 17, 2008 (the date of removal). Without a remand motion filed by Plaintiff, the undersigned Judge cannot return the case to Illinois state court even if he agrees that the forum defendant rule applies, because violation of the forum defendant rule is a "procedural" defect in removal.   *See Holmstrom v. Peterson*, 492 F.3d 833, 838 (7th Cir. 2007)(distinguishing mere procedural impediments to removal from truly jurisdictional defects); *Illinois Mun. Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 849 (7th Cir. 2004)(reiterating that district courts cannot remand cases based on procedural defects in removal, "absent a motion by a party"); *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 380 (7th Cir. 2000)(declaring the forum defendant rule "more a matter of removal *procedure*, and hence waivable, than a matter of jurisdiction").

So, having afforded the parties the opportunity to fully brief the issues and having specifically warned Plaintiff that the jurisdictional briefs solicited by the Court did *not toll* or extend the deadline for a remand motion under 28 U.S.C. § 1447(c), the undersigned Judge must ignore any procedural defects in removal and allow this case to proceed.

Defense counsel's victory may be Pyrrhic and short-lived, however. Plaintiff still has the right to return to state court by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  These parties may find themselves back in Illinois state court before summer weather reaches

this courthouse. In the meantime, we solider forward. This case will be tracked and assigned a firm trial date.

One final point warrants attention. The undersigned Judge will neither respond to the comments on page 5 of Defendants' jurisdictional brief (Doc. 8)[2] nor grant Defendants' request to certify an immediate appeal of this ruling under 28 U.S.C. § 1292(b)(*see* p. 6 of Doc. 8). Defendants' jurisdictional brief was not filed by the May 21, 2008 deadline, and defense counsel never sought leave for the slightly belated filing. Therefore, the Court **ORDERS Doc. 8 STRICKEN** by the Clerk's Office. The undersigned Judge already was aware of the ***Massey*** and ***Yount*** rulings, and Defendants' arguments as to inapplicability of the forum defendant provision were amply delineated in the removal notice.

IT IS SO ORDERED.

DATED this 30th day of May 2008.

                              s/ Michael J. Reagan
                              Michael J. Reagan
                              United States District Judge

---

[2] Referring to prior rulings by Chief Judge Herndon and District Judge Murphy, defense counsel laments: "Whether a case stays in federal court … must not depend on the individual judge assigned to the case, which is presently where things lie. The Appellate Court will eventually have to answer this question, and preferably sooner, rather than later, as this type of removal appears to be the latest fad in litigation" (***id***.).